No. A-CV-26-83

## COURT OF APPEALS OF THE NAVAJO NATION

October 14, 1983

Lewis H. BEGAY, et.al., Petitioners,

vs.

Harry WERO, et.al., Respondents.

Wilbert Tsosie, Esq., Shiprock, Navajo Nation (New Mexico) for Peti_ tioners. Samuel Pete, Esq., Fort Defiance, Navajo Nation (Arizona) for Respondents.

This matter comes before this Court as an ex parte Petition for a Temporary Restraining Order to enjoin the above names respondents in the scheduled inauguration of newly elected chapter officials from the Chichiltah Chapter to be held on October 15, 1983. Because of the uniqueness and procedural error found in the election process held on September 6, 1983, and the subsequent election contest filed by the petitioners, the Court has accepted jurisdicton in this matter.

## THE CASE BEFORE THE COURT

On September 6, 1983, elections were held for the positions of President, Vice-President, Secretary and Treasurer for the Chichiltah Chapter. It appears from both respondent's election contest and petitioner's filed petition that there are 935 registered voters for the Chichiltah Chapter. However, through an erroneous procedure and oversight by the respondents, only 399 ballots were presented on the day of election. Shortly after 5:00 p.m. on the day of the election, the ballots had run out and voters were required to wait for new ballots to arrive. Moreover, those new ballots that were proffered were absent of the picture of petitioner Lewis H. Begay resulting in a discre_ pancy of those ballots that were used earlier in the day.

On September 9, 1983, Raymond L. Lancer filed a Complaint for an Election Contest with the Navajo Board of Election Supervisors claiming: 1) shortage of election ballots on the day of the election; 2) that an overcount of ballots resulted in a re-count of those ballots that were cast; 3) that there exist large and significant discrepancies between those present and the number of ballots that were cast; and, 4) that a re-election be held to determine who is in fact the elected president of the chapter. The Court notes at the outset that Mr. Lancer and Mr. Begay were both contestants for the position of Chapter President and that Mr. Begay had been declared the winner for that elected office of the Chichiltah Chapter.

## PROCEDURAL ERRORS

The Court takes notice of the Resolution of the Navajo Board of Election Supervisors of the Navajo Tribal Council "Adopting Rules and Regulations for Hearing and Deciding Disputes Arising in Connection with Local Chapters." Such resolution was implemented on May 25, 1979 with Mr. Raymond L. Lancer's signature indicating his position as Chairman of the Board of Election Supervisors.

Upon examining the Rules and Regulations for Dispute Arising on Local Chapter Elections, there are several pertinent sections that come into consideration:

II. Initiating an Election Contest
    A. The only parties entitled to initiate an election contest shall be:
    (1) A person who was a candidate for the same office at the election who result he wishes to contest, with respect to the Chapter Elections; . . . .
    C. A party wishing to contest an election must file with the Board of Election Supervisors, within ten (10) calendar days after the completion of the election canvass for the Chapter Election . . . . a statement setting forth:

      1. The Name and residence of the party contesting the election.
      2. The name of the person whose right to the office is contested.
      3. The office the election to which is cntested.
      4. The detailed facts supporting the contest.
      5. The statement shall be verified by the affidavit of the contestant that he believes the matter and things therein contained are true.

III. Initiating a Hearing

    A. The Board shall review the Statement of Contest to determine whether or not the Statement meets the requirements set forth above. The Board shall also determine whether or not the allegations contained in the statement are sufficient as a matter of law; that is, would the allegations, if true, cause a change in the apparent result of the election being contested.

It appears that the above requirements were met by the contestant Raymond Lancer in his Complaint filed with the Electin Supervisors. It is to the lack of the mandated procedural hearing as prescribed in the regulations of the Election Supervisors (III, A, B, C, D, E) that is involved in this case at bar which now requires this review by the Court. Because the Complaint and Contest to the Chichiltah Chapter elections was timely filed pursuant to the established regulations of the Election Supervisors and because there was no procedural hearing conducted by the Election Sueprvisors, petitioners are now forced to seek this judicial redress.

The regulations that are involved in this matter are quite explicit in the procedural components for the hearing process when a party challenges such chapter elections. Such matters as a transcript (Regulation, IV(A)), quorum of four members of the Board of Election Supervisors be present (Regulations, IV(D)), and the entire evidenciary procedure for conducting such hearing (Regulations, IV(E-P)), are found within the context of the Regulations. Such procedures were not followed as there appears to have been no hearing conducted by the Board of Election Supervisors in response to the Election Contest filed on September 9, 1983. Furthermore, the Court is cognizant of the newly revised election laws found in 11 N.T.C. Sec. 51(7) "Navajo Election Commission" (1982 edition) which enumerates the provisions for contesting elections by the chapters. (Petitioner's Exhibit A). Such provisions mirror those that are used by the Board of Election Supervisors and need not be recited herein.

Approximately one month later, on October 6, 1983, a letter was sent to Mr. Lewis Begay from Ms. Bessie Tsosie, Manager, Navajo Election Commission-(Petitioner's Exhibit C), which indicated that "On October 6, 1983, the Navajo Election Commission at a duly called meeting voted unanimously to have a re-election for the Chichiltah Chapter President position based on the "Statement of Grievance" filed by Raymond Lancer." In examining this procedure, the Court finds that the Navajo Election Commissin was in violation of their regulations which clearly indicate the type of examination to be utilized when receiving an Election Contest and the manner in which to review such complaint. (Regulations, III A-E). The regulations clearly spell out that there is more to reviewing such complaint than just discussing such matter at a "duly called meeting." This procedural error cannot be excused when such important issues as chapter elections and a subsequent challenge comes before the Commission. In the October 6, 1983 "decision" reached by the Commission, a special election was ordered for the position of Chapter President only, that the ballots to be used will be ones that contain the pictures of both candidates (Mr. Lancer and Mr. Begay), and that the poll will be open from 8:00 a.m. to 7:00 p.m. (11 hours). The conclusion reached as to why such re-election would be verified was "...(T)he prime factor that led to a decision for re-election was the shortage of ballots caused by the Navajo Election Commission." Such conclusion is at the very least accurate but fails to consider the procedural errors made by the Commission in their handling of the election contest. Such events, viewed cumulatively and in perspective to the procedural due process outlined in the Board of Election's Regulations, warrant this Court to find as a matter of law that petitioner's were denied their privilege of a hearing, final notice to such hearing, the opportunity to present evidence, and for a final decision based on such complaint.

## JURISDICTION OF THE COURT

Section VII(A) "Appeal" of the Regulations indicates that "A party who wishes to appeal from the decision of the Board must file a Notice of Appeal with the Court of Appeals of the Navajo Nation within ten (10) days after the opinion is filed or the case dismissed. The Court hereby finds that the October 6, 1983 letter from the Manager of the Navajo Election Commission was the "decision" from which petitioner's

bring this Appeal. Petitioners filed this action within the specified ten day hiatus and grants this Court the jurisdiction as the proper tribunal to hear this matter.

ORDER

Because of the several inconsistencies in the procedural development of the election held on Spetember 6, 1983 at the Chichiltah Chapter which was based on admittedly insufficient and incomplete ballots, and, further, because the Office of Navajo Election Commission failed to establish a hearing in response to the election contest filed with them on September 9, 1983, IT IS HEREBY ORDERED:

1) A temporary restraining order be issued enjoining the Navajo Election Commission from inducting those persons elected on September 6, 1983, scheduled to be held on Saturday, October 15, 1983.

2) The Election Contest that was presented to the Election Commission on September 9, 1983 be remanded back to the Commission to be settled consistent with this Order and with the regulations established by the Election Commission.